IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3180-FL

| | | |
|---|---|---|
| MICHAEL LEE DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY JOHNS; RALPH NEWMAN; | ) | |
| and LAWRENCE MARK SICHEL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The matter comes before the court on the motion to dismiss pursuant to Rule 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure filed by defendants Tracy Johns ("Johns"), Ralph

Newman ("Newman"), and Lawrence Mark Sichel ("Sichel") (DE # 10). The motion has been fully

briefed, and the issues raised are now ripe for adjudication. For the following reasons, the court

grants defendants' motion.

## STATEMENT OF THE CASE

On November 5, 2009, plaintiff brought this action pursuant, purportedly under Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), asserting claims

captioned "medical neglect of a federal inmate," "medical malpractice," and "Eighth Amendment

violation" based on deliberate indifference to a serious medical need. Plaintiff's claims each involve

allegations that defendants improperly prescribed him medication that adverse side effect, and that

they did so without conducting a face-to-face examination.

On October 7, 2010, defendants moved to dismiss the action, arguing that plaintiff failed to exhaust administrative remedies. They also question whether plaintiff's first two claims, which appear to allege torts not of a constitutional nature, do not arise under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq. Plaintiff responded in opposition, arguing that he had properly exhausted his remedies and that his action arises only under Bivens, not the FTCA. Defendants timely replied.

## DISCUSSION

A.    Standard of Review

Defendants have relied on matters outside the pleadings, and the court will address defendants' motion under the summary judgment rubric of Rule 56.[1] See Fed. R. Civ. P. 12(d). Plaintiff also has submitted materials outside the pleadings for the court's consideration, and as such has been given the opportunity to address the issue of exhaustion. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[E]ven if it is not apparent from the pleadings that there are available administrative remedies that the prisoner failed to exhaust, a complaint may be dismissed on exhaustion grounds so long as the inmate is first given an opportunity to address the issue."); see also Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

---

[1] Defendants' motion cites both Rule 12(b)(1) and Rule 12(b)(6). Although a court may rely on matters outside the pleadings in determining subject-matter jurisdiction under Rule 12(b)(6), see Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982), it is not free to do so under Rule 12(b)(6). Because failure to exhaust under the Prisoner Litigation Reform Act does not deprive the court of subject-matter jurisdiction, see Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 678 (4th Cir. 2005), application of the former rule would be inappropriate. The court notes that failure to exhaust an FTCA claim does deprive the court of jurisdiction, see Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990), but accepts plaintiff's statement he is not seeking to raise a claim under the FTCA. Accordingly, the court will treat plaintiff's claims solely as Bivens claims.

2

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.    Analysis

The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84 (2006) (noting that exhaustion under the PLRA is mandatory); Porter v. Nussle, 534 U.S. 516, 524 (2002) (same). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution of the issue. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he then may appeal to the BOP's Regional

3

Director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15. If an inmate's submission is rejected, then the Administrative Remedy Coordinator shall provide written notice explaining the reasons for rejection, and if the defect is correctable the notice shall provide a reasonable time extension for the inmate to correct the defect. See 28 C.F.R. § 542.17.

In this case, plaintiff submitted a BP-9 request regarding the instant claim to the Warden on March 20, 2009. (Cox Decl. ¶ 10 & Attach. 1.) This request was denied on April 4, 2009. (Id.) On April 24, 2009, plaintiff filed a BP-10 appeal to the BOP's Regional Office, which was rejected the same day. (Id. ¶ 11 & Attach. 1.) Plaintiff was informed that he could re-file his BP-10 appeal "on letterhead stating valid reason for delay." (Id. Attach. 1.) Plaintiff did not appeal the finding of the Regional Office.

Plaintiff argues that his failure to exhaust should be excused because the Regional Office did not respond to his BP-10 Administrative Remedy Request. (Or at least, that he never received the BOP's response.) But federal regulations provide that "[i]f the inmate does not receive a response [to his Administrative Remedy Request] within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18. In other words, plaintiff should have treated the lack of response as a denial of his request, and was obligated to appeal that denial to the next level of the administrative process in order to properly exhaust his remedies. See, e.g., Crum v. Attorney Gen., 2007 WL 781935, at *6 (S.D.W. Va. Mar. 13, 2007), aff'd, 282 F. App'x 223 (4th Cir. 2008). Having failed to do so, plaintiff has not

4

demonstrated a valid defense to section 1997e(a)'s exhaustion requirement, and his <u>Bivens</u> claim is

DISMISSED without prejudice.[2]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 10) is GRANTED, and the

action is DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close this case.

SO ORDERED, this the 2nd day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[2] Notwithstanding the court's previous discussion in the second footnote of this order, to the extent some of plaintiff's claims would properly arise under the FTCA, as they do appear to involve state law tort actions against federal employees, they would also be barred by plaintiff's failure to exhaust his administrative remedies. <u>See</u> <u>Ahmed v. United States</u>, 30 F.3d 514, 516 (4th Cir. 1994).

5